ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 JAN 26 PM 2:21

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ALVIN DEXTER SANFORD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV 311-060 |
| SAM ZANDERS, Captain, et al., | ) ) ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Augusta State Medical Prison in Grovetown, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Because he is proceeding *in forma pauperis* ("IFP"), the Court screened his original complaint pursuant to 28 U.S.C. §§ 1915(e) & 1915A. In an Order issued on November 18, 2011, the Court found that Plaintiff's complaint arguably stated viable claims for deliberate indifference to safety and violation of Plaintiff's due process rights; accordingly, the Court ordered that service of process be effected on Defendants Toby, Boston, Deloach, and Zanders. (Doc. no. 11.) In a simultaneously issued Report and Recommendation ("R&R"), the Court recommended that Plaintiff's claims for failure to investigate or prosecute, as well as Defendants Barrow and Palmer, be dismissed. (Doc. no. 12.)

---

[1] Although he is currently confined at Augusta State Medical Prison, Plaintiff's complaint concerns events that allegedly occurred at Telfair State Prison ("TSP") in Helena, Georgia. (See doc. no. 1.)

Following issuance of the Court's November 18th Order and R&R, Plaintiff filed a motion for leave to file an amended complaint so that he could set forth a more detailed account of the facts supporting his claims, particularly with regard to Defendants Barrow and Palmer. (Doc. no. 19.) Without awaiting a ruling, Plaintiff then submitted his amended complaint, which was filed as a stand-alone entry on the docket.[2] (Doc. no. 22.) Defendants Toby, Boston, Deloach, and Zanders then filed an answer to the amended complaint. (Doc. no. 24.)

In a simultaneously issued Order, the Court has ruled that Plaintiff's motion for leave to file an amended complaint is moot and that his amended complaint supersedes his original complaint as the operative pleading in this case. Also, because Plaintiff's original complaint has been superseded, the Court vacated its November 18th R&R screening the original complaint. Moreover, irrespective of the fact that several Defendants have already filed an answer to the amended complaint, because Plaintiff is proceeding IFP, his amended complaint must be screened in accordance with the IFP statute. Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

I. **BACKGROUND**

Plaintiff names the same six Defendants in his amended complaint as he named in

---

[2]Plaintiff confusingly styled the amended complaint as his "Second Amended Complaint." (Doc. no. 22, p. 1.)

2

his original complaint: (1) Captain Sam Zanders, the official in charge of security at TSP; (2) Annetta Toby, a unit manager at TSP; (3) Sergeant Boston, a correctional officer at TSP; (4) Investigator Donna Palmer; (5) Patrick Deloach, a correctional officer at TSP; and (6) Donald Barrow, the Warden at TSP. (Doc. no. 22, pp. 2-3.)

Plaintiff alleges that on or around January 17, 2010, prison officials at TSP, including Defendant Zanders, conducted a random strip search of the inmates in his housing unit. (Id. at 3.) According to Plaintiff, during the strip search, he gave his clothes to Defendant Zanders as instructed, but Defendant Zanders accused Plaintiff of disrespectfully throwing his clothes at him. (Id. at 5.) As a result, Defendant Zanders had Plaintiff taken to the F-building, which Plaintiff refers to as "the hole." (Id.) Plaintiff avers that Defendant Zanders threatened at that time to keep Plaintiff in the F-building for six months.³ (Id. at 13.)

Plaintiff further alleges that, following his assignment to "the hole," an inmate known to be violent was assigned as his cell mate. (Id. at 6-7.) Plaintiff reports that the violent cell mate made verbal and written statements to Defendants Toby, Boston, and Deloach in which he expressed his racial animus toward Plaintiff and indicated that he might become violent if not isolated from Plaintiff. (See id. at 7-8.) In addition, Plaintiff states that he expressed concern to Defendant Deloach regarding his cell mate's behavior. (Id.)

According to Plaintiff, Defendants Toby, Boston, and Deloach took no protective action despite these warnings. (Id. at 7-8, 10.) Plaintiff alleges that on February 3, 2010, his

---

³Plaintiff has attempted to bolster this assertion in two declarations filed subsequently to his amended complaint. (Doc. nos. 25, 26.) Because the Court must accept the well-pled facts as true in screening the amended complaint, these declarations are neither necessary nor relevant, and they do not warrant further discussion at this time.

3

cell mate attacked him with a concealed razor, badly injuring him. (Id. at 8-9.) Plaintiff asserts that Defendant Boston failed to intervene during the attack, leaving him to fend for himself against his assailant. (Id. at 7.) Plaintiff complains that following the attack, Defendants Zanders and Barrow saw Plaintiff's injuries, yet failed to investigate the matter or to ensure that his cell mate was prosecuted in court for the assault. (Id. at 10-11.)

Plaintiff also states that he attended a hearing following the assault, and about two weeks later, he received a "Disciplinary Report Work Sheet," along with an "Investigative Report" signed by Defendant Palmer that recommended Plaintiff's case be heard. (Id. at 10-12.) Plaintiff claims, however, that Defendant Palmer never conducted an investigation and that she acted in concert with Defendant Zanders in subjecting Plaintiff to unfair disciplinary proceedings. (Id. at 12.) Plaintiff alleges that Defendant Zanders proceeded to hold disciplinary proceedings against him, but he claims that he was not allowed to attend the proceedings.[4] (Id. at 13.) Plaintiff additionally complains that it was unfair for Defendant Zanders to preside over the disciplinary proceedings given his history with Plaintiff. (Id.) Plaintiff does not report the result of the disciplinary proceedings. (See id.)

## II. DISCUSSION

### A. No Claim for Failure to Investigate or Prosecute Against Defendants Barrow and Zanders

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that

---

[4]Plaintiff does not explain whether these disciplinary proceedings related to the strip search incident or the incident with his cell mate.

Plaintiff's allegation that Defendants Barrow and Zanders failed to investigate his attack and ensure the criminal prosecution of his cell mate fails to state a § 1983 claim. As explained in the Court's November 18th R&R, Plaintiff has no constitutional right to an investigation of an incident such as the one alleged in his complaint. See Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir. 2002) (holding that there was no constitutional right to an investigation following a violent incident based upon which the plaintiff raised a § 1983 claim). Furthermore, "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." Otero v. U.S. Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987); see also Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (holding that there is no constitutional right for a member of the public, as a victim, to have defendants, including state government officials, criminally prosecuted). Accordingly, Plaintiff's allegations of inadequate investigation and failure to prosecute against Defendants Barrow and Zanders fail to state a cognizable § 1983 claim.

### B. No Supervisory Liability Claim Against Defendants Barrow and Zanders

Additionally, to the extent that Plaintiff attempts to hold Defendants Barrow and Zanders responsible for the acts of their subordinates in regard to the attack by his cell mate, he fails to state a viable § 1983 claim. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold a supervisory official liable, Plaintiff must demonstrate that

either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

Here, Plaintiff does not state that these Defendants actually participated in the purported constitutional violation resulting from the incident in which Plaintiff was attacked by his cell mate. Similarly, Plaintiff fails to allege a "causal connection" between these Defendants and that alleged constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[5] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has not made the necessary showing with respect to Defendants Barrow and Zanders. Accordingly, Plaintiff has failed

---

[5]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

to state a viable supervisory liability claim against these Defendants.

### C. No Due Process Claim Against Defendants Zanders and Palmer

Plaintiff's allegations of unfair disciplinary proceedings fail to state a viable due process claim against Defendants Zanders and Palmer. For Plaintiff's right to due process to have been violated, he must have been deprived of life, liberty, or property; absent such deprivation, Plaintiff may not prevail on a due process claim irrespective of alleged procedural deficiencies in any disciplinary proceedings to which he was subjected. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In determining whether a protected interest is implicated and the Due Process Clause attaches in the prison context, the expectations created by state regulations are not conclusive, the nature of the sanctions imposed are. Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Sanctions imposed by prison officials on inmates do not implicate due process concerns unless the sanctions impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; see also Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999) (no due process violation unless "a change in a prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court" or "the state has consistently given a certain benefit to prisoners (for instance, via statute or administrative policy), and the deprivation of that benefit imposes atypical and significant hardship on [Plaintiff] in relation to the ordinary incidents of prison life" (quoting Sandin, 515 U.S. at 484)).

Here, Plaintiff has not alleged the infringement a protected life, liberty, or property interest; therefore, irrespective of any procedural inadequacies he alleges, such as being excluded from his disciplinary proceedings, he fails to state a viable due process claim. In

other words, while Plaintiff claims that he was excluded from the proceedings and that Defendants Palmer and Zanders were biased against him, he provides no information as to any sanction imposed as a result of the allegedly improper disciplinary proceedings, much less the imposition of a hardship that infringes on a protected liberty interest. Cf. Sandin, 515 U.S. at 486 (placement in segregated confinement for 30 days does not infringe on protected liberty interest); Rodgers v. Singletary, 142 F.3d 1252, 1253 (11th Cir. 1998) (*per curiam*) (placement in administrative confinement for two months does not infringe on protected liberty interest).[6] Accordingly, Plaintiff has failed to state a due process claim upon which relief may be granted against Defendants Palmer and Zanders.[7]

## III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that

---

[6]The Court is mindful that the Eleventh Circuit has "assumed" that a disciplinary sanction of twelve months of solitary confinement triggers procedural due process protections under Sandin. See Williams v. Fountain, 77 F.3d 372, 374-75 & n.3 (11th Cir. 1996). The instant case is readily distinguishable from Williams, however, as Plaintiff has not alleged that he was subjected to 12 months of solitary confinement; nor has he alleged any particular atypical hardships as a result of his disciplinary proceedings.

[7]The Court notes that in screening Plaintiff's original complaint, it found that Plaintiff had arguably stated a viable due process claim against Defendant Zanders because he appeared to allege that the disciplinary proceedings resulted in a sentence of six months of isolated confinement, which is arguably sufficient to trigger due process protections. (Doc. no. 11, p. 3.) However, Plaintiff makes no such allegation in his amended complaint, and in his objections to the now-vacated November 18th R&R, Plaintiff clarified that he never meant to suggest that he had received six months of isolated confinement, but rather had alleged that Defendant Zanders threatened to keep Plaintiff in the F-building for six months, thus evidencing his bias against Plaintiff. (See doc. no. 21, pp. 1-2.) Therefore, unlike in his original complaint, Plaintiff has failed to state a viable due process claim in his amended complaint. Because the due process claim was the only viable claim against Defendant Zanders in the original complaint, the Court is now recommending his dismissal.

Plaintiff's claims for improper disciplinary proceedings and for failure to investigate or prosecute be **DISMISSED**. The Court further **RECOMMENDS** that Defendants Barrow, Zanders, and Palmer be **DISMISSED** from this case.[8] Should the Court's recommendation to dismiss these Defendants be adopted by the District Court, a scheduling notice should be issued by the Clerk of Court.

SO REPORTED and RECOMMENDED this 26th day of January, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[8] In a simultaneously filed Order, the Court has found that Plaintiff's amended complaint states viable Eighth Amendment claims against Defendants Toby, Boston, and Deloach for deliberate indifference to his safety.

9