**ORIGINAL**

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 MAR -1  A 11: 4

CLERK _____
S.D. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ALVIN DEXTER SANFORD, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | CV 311-060 |
| ANNETTA TOBY, Unit Manager, et al., | ) ) ) | |
| Defendants. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 31). The Magistrate Judge screened Plaintiff's original complaint in a previous R&R, following which Plaintiff filed a motion for leave to file an amended complaint so that he could set forth a more detailed account of the facts supporting his claims. (Doc. no. 19.) The Magistrate Judge allowed Plaintiff to file the amended complaint, as a result of which he vacated the previous R&R. (Doc. no. 28.) Of note, the Magistrate Judge informed Plaintiff that his amended complaint would supersede his original complaint and would serve as the operative pleading in this case. (Id. at 2.) In the R&R currently before the Court, the Magistrate Judge screened the amended complaint and recommended the dismissal of Plaintiff's claims for inadequate disciplinary procedures and for failure to investigate or prosecute, as well as the dismissal of Defendants Barrow, Zanders, and Palmer. (Doc. no. 31.)

In his objections, Plaintiff sets forth a number of factual allegations not included in his prior pleadings, such as various details pertaining to his purportedly inadequate disciplinary proceedings.[1] (See doc. no. 31, pp. 4-8.) Plaintiff implores the Court to reject the Magistrate Judge's R&R based on these new allegations. (See id.) In short, Plaintiff seeks to amend his pleadings in an improper fashion by setting forth a series of allegations in his objections to be read in conjunction with his amended complaint.

The Court will not allow Plaintiff to amend his complaint in this manner. In accepting Plaintiff's amended complaint, the Magistrate Judge informed Plaintiff of the relevant rules regarding amendment and notified him in clear terms that his amended complaint would serve as the operative pleading in this case. While Plaintiff would like to use his objections to inject new allegations upon receiving an unfavorable analysis from the Magistrate Judge, to allow him to do so would frustrate systematic efficiencies and reduce the role of the Magistrate Judge to "that of a mere dress rehearser." Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (quoting United States v. Howell, 231 F.3d 615, 622 (9th Cir. 2000)). Therefore, the Court will not consider the new factual allegations set forth in Plaintiff's objections to the R&R.[2] See id. at 1291-92 (approving district court's refusal to

---

[1] Plaintiff provides no reason for failing to assert these allegations previously. (See doc. no. 31.)

[2] The Court recognizes that "[g]enerally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (quoting Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991)) (punctuation omitted). Here, however, Plaintiff was given a chance to amend, and he was informed of the relevant procedural rules controlling amendments. Moreover, the Court is not dismissing this action with prejudice.

consider new argument set forth by *pro se* litigant in objections where the party had the opportunity to present the argument to the magistrate judge and failed to do so); Howell, 231 F.3d at 621 (holding that district courts are not required to consider supplemental factual allegations presented for the first time in objections to a magistrate judge's report and recommendation).

Turning to the remaining portion of the objections, Plaintiff plainly fails to provide any reason to depart from the conclusions in the R&R. Thus, Plaintiff's objections are **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's claims for improper disciplinary proceedings and for failure to investigate or prosecute are **DISMISSED**. As a result, Defendants Barrow, Zanders, and Palmer are **DISMISSED** from this case. Finally, as the remaining Defendants have already answered the amended complaint, the **CLERK** is **DIRECTED** to issue a scheduling notice setting the deadlines for this case.

SO ORDERED this 1st day of ~~February~~ March, 2012, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE